O'Connell, J.
Plaintiff brought suit against the defendant for commissions earned while in defendants’ employ as a salesman. He was acting as such under a -written contract between the parties whereby he .was to have the exclusive right to sell within certain specified territory. He was to receive commissions on all goods sold within that territory during the term of his employment.
Defendants for answer say that the sales to certain firms within that territory were not included and that by “mutual mistake” the names of such firms were omitted from the written contract.
The ordinary rule of law is that parol evidence can not be admitted to alter or vary the terms of a written instrument whose terms are as clear and unambiguous as is the written *56 contract between these parties. However, in certain cases “mutual mistakes” are permitted to be shown.
The definition of the word mutual is clear and unmistakable. A mistake to be “mutual” must be the mistake of both parties. A “mutual” mistake does not arise where one party insists that the contract expresses the agreement of the parties, while the other party claims that all which the parties intended was not placed in the written contract.
At the trial of the case, defendant over the objection of the plaintiff was permited to offer the evidence which he claimed tended to show that the mistake was mutual, and what the contract between the parties really should have been. At the conclusion of all the evidence the court directed the jury to return a verdict for the plaintiff on the ground that defendant had failed to bring his case within the exceptions to the rule regarding the introduction of parol evidence to vary the terms of written instruments.
In support of his motion for a new trial counsel for defendant cites a number of eases in support of his contention. His leading ease is that of Davenport v. Sovil, 6 O. S., 459. The syllabus of that case is as follows:
“S, with his wife, executed to D a mortgage to secure a debt, and died. On condition broken, D, proceeding against the widow and heirs of S, obtained a decree for sale, bid in the premises, sale .confirmed, and deed made to D for the premises described in the mortgage. It is then first discovered that, by mutual mistake of the parties, the description in the mortgage did not'embrace the land intended to be mortgaged, and which S did own, but embraced other land, which S did not and never claimed to own. Held—
“Parol proof is competent to establish such mistake, and the mortgage may be reformed and enforced in the same proceeding.
“The presumption being that the contract, as reduced to writing, embodies the real intention of the parties, courts ought not to proceed on the ground of mistake, without very clear and satisfactory proof of its existence.
“The mortgage, as reformed, is not merged in the former decree; and as the original mistake infects all the subsequent proceedings, they are nugatory.”
*57 At pages 461-462, Judge Brinkerhoff says:
“It is hardly possible to imagine a case resting on stronger or clearer principles of natural equity than that made by the petition and admitted by the demurrer. The plaintiff ought, unquestionably to be relieved, unless in the peculiar position in which an innocent and not unfrequent mistake has placed him, he is precluded from its attainment by some inexorable rule of law. * * *
“The plaintiff, alleging a mutual mistake of the parties in the description intended to identify the entire subject-matter of the mortgage — a mistake vital to the entire contract — seeks, on the ground of that mutual mistake, to reform the contract, so as to make it what the parties intended and justice required it should be, and what, had no mistake of fact occurred, it would have been; and then to enforce the contract thus reformed. Whether this can be done, is the first question to be considered."
And on page 464, the court reached the following conclusion:
“Contracts concerning land, then, may be reformed, on the ground of mutual mistake of the parties to them; and when thus reformed, may, in the same proceeding, be enforced; and such mistake may be proved by parol. But it ought not to be forgotten that the contract, as committed to writing, is properly presumed to be the best evidence of the real intention of the parties, and. therefore, before courts proceed to administer a remedy for the alleged mistake, they should require its existence to be established by very clear and satisfactory evidence.”
The court in this decision appeared loth to depart from the rule prohibiting oral modifications of written contracts. But the peculiar circumstances of the ease taken in connection with the fact that the defendant admitted the fact of the mutual mistake through a demurrer to the petition, led them to make the decision. They further stipulate in the decision that, ‘ ‘ contracts concerning land, then,” etc.
.In the case at bar the controversy is not concerning land. The mistake is not admitted by the plaintiff to be mutual, but he strenuously denied that there was any mistake. The evidence as to a mistake was not “very clear and satisfactory.”
Counsel for defendant further cites the ease of Platt v. Scribner, 18 C. C., 452, as one holding that parol evidence may be *58 introduced to vary the terms of a written instrument. But the second paragraph of the syllabus, which is as follows, shows it to be inapplicable to the case at bar.
“Syllabus 2. Where it evidently appears from the written instrument that only a part of the terms are expressed therein, parol evidence is admissible to show other terms not inconsistent with those expressed; and where no consideration for the contract appears in writing, the fact that there was a consideration may be proven orally.”
No such state of facts exists with reference to the contract in controversy. No other authority cited bears out defendant’s contention.
Were parties under the guise of a “mutual mistake” to be permitted under any and .all circumstances to seek to avoid the terms of a written contract by undertaking to prove some other stipulations which they claim should be included, it would be well nigh impossible to maintain the rule that written contracts can not be varied by parol.
Where one party to a written contract insists that the instrument correctly represents the agreement of the parties as made, a court should not allow the other party under the plea of a mutual mistake to alter or to amend the contract when his evidence discloses the fact that but for his own carelessness or lack of foresight, the disputed provision might have been inserted in the contract. There was no element in defendants’ case which justified a modification or departure from the established rule.
The motion for a new trial should be overruled.